**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 99-30598
Summary Calendar

SARAH ARMSTRONG,

Plaintiff-Appellant,

VERSUS

CATHOLIC CHARITIES ARCHDIOCESE OF NEW ORLEANS,
formerly known as Associated Catholic Charities,

Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana
(98-CV-1015-F)

December 22, 1999

Before SMITH, BARKSDALE and PARKER, Circuit Judges.

PER CURIAM:[*]

Plaintiff Sarah Armstrong appeals the district court's grant of summary judgment for defendant Associated Catholic Charities ("ACC") in this Title VII employment discrimination case. We affirm.

We review the grant of summary judgment *de novo*. *See Armstrong v. City of Dallas*, 997 F.2d 62, 65 (5th Cir. 1993).

Armstrong, who is African-American was fired from her position as a supervisor at the Kenner Adult Day Health Care Center, which

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

is an arm of ACC. Armstrong established a *prima facie* case of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). The burden therefore shifted to ACC, who articulated a non-discriminatory reason for its decision, stating that Armstrong was fired based on the report of two subordinates that she directed a worker to withhold client care, using disparaging language concerning the client. *See id.* Armstrong attempted to create a fact issue on the question of whether ACC's articulated reason was pretextual by introducing evidence concerning a white employee who made a disparaging remark about a client and was not fired. *See id.* at 804. This evidence, standing alone, does not create a fact question on pretext because the white employee was not similarly situated; there is no evidence that the white employee had supervisory responsibilities or that she withheld care or instructed other employees to withhold care from a client. *See Krystek v. Univ. of S. Miss.*, 164 F.3d 251, 257 (5th Cir. 1999).

Finding no genuine issue of material fact in this record that would preclude summary judgment for ACC, we affirm the grant of summary judgment for essentially the reasons set out in the district court's opinion. *See Armstrong v. Associated Catholic Charities*, 98-CV-1015-F, (E.D. LA. May 13, 1999)(unpublished).

AFFIRMED.

2